**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| PARKTORIA TECHNOLOGIES, LLC, | ) | |
| *et al*[1]., | ) | Case No. 15-10834 (BLS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Objection Deadline: June 24, 2019 at 4:00 p.m. |
| | ) | Hearing Date: July 10, 2019 at 9:00 a.m. |

**CHAPTER 7 TRUSTEE'S FIRST**
**OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

Jeoffrey L. Burtch, the Chapter 7 trustee (the "Trustee") for the above captioned Chapter 7 estates (the "Estates"), files this First Omnibus Objection to Claims (Substantive) (the "Objection"), pursuant to 11 U.S.C. § 502(b) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to each of the claims listed on Exhibits A through C attached to the Proposed Order (the "Disputed Claims") and requests the entry of an order reclassifying and/or disallowing each of the Disputed Claims.  In support of the Objection, the Trustee respectfully represents as follows:

**Jurisdiction**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief requested herein are sections 501, 502, and 503 of the Bankruptcy Code, and Rule 3007 of the Bankruptcy Rules.

---

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are: Parktoria Technologies, LLC, Bk. No. 15-10834 and Moana Parking Management, LLC, Bk. No. 15-10835.

**Background**

3.      On April 17, 2015, the Debtors filed voluntary petitions for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

4.      Jeoffrey L. Burtch was appointed as interim trustee on or about April 18, 2015, pursuant to Section 701 of the Bankruptcy Code. The 341 meeting was held and concluded on May 12, 2015 and Mr. Burtch now serves as trustee (the "Trustee") under Section 702(d).

**Applicable Authority**

5.      Section 502[2] of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) A claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under Chapter 7 of this title, objects.

11 U.S.C. § 502(a).

> Rule 3007(a) of the Bankruptcy Rules provides:

> An objection to the allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

Fed. R. Bankr. P. 3007(a).

**Relief Requested**

6.      The Trustee objects to each of the Disputed Claims identified on Exhibits A through C attached to the Proposed Order submitted herewith.  By this Objection, the Trustee moves for entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and L.R. 3007-1, granting the relief requested herein for each of the Disputed Claims identified on Exhibits A through C.

---

[2]   All references to statutory sections in the Motion and the Exhibits to the Proposed Order refer to the statutory sections in effect as of the Petition Date.

7.      **Claimants receiving this Objection should review Exhibit A through Exhibit C attached to the Proposed Order to locate their name, the corresponding Disputed Claim that is the subject of this Objection, and the specific basis for the Trustee's objection to such Disputed Claim(s).**

**Basis for Relief**

**A.      Incorrectly Classified Claims  (Exhibit A)**

8.      The Trustee objects to the claims listed on Exhibit A: Incorrectly Classified Claims attached to the Proposed Order.  The Trustee has reviewed the Incorrectly Classified Claims and determined that the claims must be reclassified in accordance with section 507 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007.

9.      Section 506(a) allows secured claims against an estate if those claims are secured by a lien on property in which the estate has an interest.  If the claim is not secured to property that is administered in the bankruptcy estate, that claim does not have secured status against the estate. *See U.S. I.R.S. v. Snyder*, 343 F.3d 1171, 1179 (9th Cir. 2003) (holding that a claimant's secured interest in a pension plan that was not part of the bankruptcy estate was not entitled to secured status).

10.      Bankruptcy Rule 3001(d) provides that a proof of claim asserting secured status must be accompanied by evidence that the security interest has been perfected.  If the claimant does not provide proof of the perfected security interest, the claim must be reclassified as an unsecured claim.  *See In re Bailey*, 228 B.R. 267, 269-70 (Bankr. D. Kan. 1998) (sustaining an objection to a claimant's secured status when the claimant failed to provide evidence of a perfected security interest).

11.     The Trustee objects to those Incorrectly Classified Claims for the reasons stated in the column labeled "Reason for Reclassification" on Exhibit A.

12.     Accordingly, the Trustee objects to the classification of the Incorrectly Classified Claims and respectfully requests that, pursuant to sections 502 and 507 of the Bankruptcy Code, this Court enter the Proposed Order reclassifying the Incorrectly Classified Claims in the manner set forth in Exhibit A to the Proposed Order.

**B.     No Liability Claim (Exhibit B)**

13.     The Trustee objects to the claim listed on Exhibit B:  No Liability Claim (the "No Liability Claim").  The Trustee has reviewed the No Liability Claim identified on Exhibit B and determined that the claimant has failed to established the elements of a valid claim against the Debtor or the Estate.  FED. R. BANKR. P. 3001; *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd. Cir. 1992) (Burden of proof is on claimant to alleged facts sufficient to support a legal liability to the claimant and establish the *prima facie* validity of the elements of a proof of claim).  Such reasons are stated in the column titled "Reason for Disallowance."

14.     Accordingly, the Trustee objects to the No Liability Claim and respectfully requests that this Court enter the Proposed Order disallowing the No Liability Claim in the manner and for the reasons set forth on Exhibit B to the Proposed Order.

**C.     Reduced Claim (Exhibit C)**

15.     The Trustee objects to the claim listed on Exhibit C:  Claims to Be Reduced (the "Reduced Claims"), attached to the Proposed Order.  The Trustee has reviewed the Reduced Claim identified on Exhibit C, and has determined that the claim should be reduced for the reasons as set forth in the column titled "Reason for Modification".   Accordingly, the Trustee objects to the

Reduced Claim, and requests that the Court enter the Proposed Order that modifies the claim amount as stated in Exhibit C attached to the Proposed Order.

## Separate Contested Matters

16.     Each of the Disputed Claims and the objections by the Trustee as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Trustee requests that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Disputed Claim.

## Reservation of Rights

17.     The Trustee expressly reserves the right to amend, modify, or supplement this Objection, including, without limitation, objections as to the amounts and priority asserted in the Disputed Claims.  Should one or more of the grounds for this Objection be dismissed or overruled, the Trustee reserves the right to object to the Disputed Claims on any other grounds.  In addition, the Trustee reserves the right to seek further reduction of any claim to the extent such claim has been paid.

## Compliance with Local Rules

18.     The undersigned certifies that she has reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule.  To the extent that the Objection does not comply in all respects with the requirements of L.R. 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, the Trustee respectfully requests that the Court (i) grant the relief requested herein, (ii) enter the Proposed Order in the form attached hereto, and (iii) grant such other and further relief as is just and proper.

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ M. Claire McCudden*
M. Claire McCudden, (DSB# 5036)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
cmccudden@skaufmanlaw.com

Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee

Dated: May 23, 2019